OLD AMERICAN INSURANCE COMPANY v. ESKUE.

## Opinion delivered April 4, 1927.

1. INSURANCE—AGE OF INSURED—PRESUMPTION.—The presumption that the age of insured in his application was truly stated was not overcome by a recital of a greater age in the proof of death by the beneficiary, signed by her, as she states, without reading and without knowing his age.

2. INSURANCE—SETTLEMENT UNDER MISTAKE.—A settlement and release executed by the beneficiary to the insurer, under a mutual mistake as to the insured's age, thereby reducing the amount payable under the policy, was not binding.

Appeal from Crawford Circuit Court; *James Cochran,* Judge; affirmed.

### STATEMENT BY THE COURT.

Appellee, the beneficiary in the policy of $1,000, brought suit against the insurance company for recovery of the amount thereof, with penalty and attorney's fees; alleged that the settlement made with her by the adjuster of the company for $45 was procured by false and fraudulent representations made in reaching the settlement, and denied that she was bound thereby.

Demurrer to the complaint was filed and overruled, and the company answered, alleging the settlement of the claim for $45 in payment thereof, and exhibited with the answer its paid check made to the order of Mary Eskue, beneficiary, and the full release executed by her.

It appears from the testimony that the policy was issued and delivered, was in force at the death of the insured, and that there was due under its terms, if the settlement was not effective, $423.25.

The testimony also shows that, in the application for insurance written by the beneficiary at the request of the insured, who could not write, it was stated that he was born the 29th day of June, 1873, and his age at the next birthday was 53 years. The application signed September 1, 1924, also showed that a person over fifty-five years of age could not become a member of the company. Certificate and proof of death by the beneficiary,

Mary Eskue, stated that the insured was born on the 29th day of June, 1866. In the physician's certificate as to the proof of death, he answered question 3, ''Give apparent age of deceased? 59 the 29th day of this month,'' which was sworn to on the 8th day of June, 1925.

When the proofs of death were received, showing that the insured was more than fifty-five years of age at the time of the application and issuance of the policy, an adjuster was sent to the beneficiary, who told her the company was not liable for payment of the policy, because the insured was more than fifty-five years of age at the time of the application therefor and issuance of it, and offered to return the premiums paid in settlement.

The beneficiary stated she did not know the age of the insured, had never known it, and asked that she have some little time to look into the matter. The adjuster insisted upon immediate settlement, and she finally accepted $45 in settlement, with the statement of the adjuster that the insured was too old to become a member of the association.

She testified that she did not make out or write her answer in proof of loss, and did not state that deceased was born on June 29, 1866; that she did not know his age, did not have the application for insurance by her when the agreement for settlement was made and the money paid; that, when she wrote the application, she wrote down the statement of deceased correctly and as he gave it, according to which he was within the age for insurance when the application was made and the policy issued.

There was also some other testimony tending to show that deceased was not beyond the insurable age at the time of taking out the policy.

The adjuster stated that he told the beneficiary that the proof of loss showed that the insured was over the insurable age when application was made and the policy issued, and there was no liability at all for the payment of the policy, but that the premiums would be returned.

The beneficiary acquiesced in his statement, but insisted that she ought to have $45, as that would pay off a mortgage on their mules, and she agreed to this, a check was given in payment, and the release executed.

Another witness stated that she was present when the settlement was agreed upon; that the adjuster offered $18.20 as the premiums and $25 more, and that it was finally agreed to pay and accept $45 on account of the mortgage on the mules.

Appellant, at the conclusion of the plaintiff's testimony, moved the court to instruct a verdict in its favor, because the evidence introduced was not sufficient to warrant a verdict for the plaintiff, and because of no evidence of fraud or duress in procuring the release. The court thereupon asked if there were any allegations in the complaint on mistake of facts, and, being answered in the negative, said that the plaintiff could allege either fraud, duress or mistake of fact, whereupon plaintiff asked to amend the complaint to show that the release was given on account of a mistake of fact, and the amendment was made and the motion to instruct the verdict overruled.

Testimony was introduced by defendant, the policy itself being exhibited, showing a memorandum written on the margin: "This policy canceled and surrendered to company; settled in full for $45," signed by the adjuster.

Mr. Judd, president of the company, testified that insured died on May 31, 1925; that the blanks of proof of death were sent out, and the physician's certificate returned showed the answer already stated above. He then sent an adjuster to the beneficiary to make settlement under the policy by return of the premium, $18.20, which was all she was entitled to, and that, upon the age represented in the application, the maximum amount of the policy would have been $423.25. He said, too, that he was an expert on handwriting, and believed that the date of birth written in the proof of loss was written by the beneficiary, insured's wife.

It was conceded that Mr. Judd had stated correctly the amount that could be recovered under the terms of the policy, if it was valid.

Appellant asked for a special finding by the jury, which was denied, and the court instructed the jury, which returned a verdict in appellee's favor for the amount agreed which was the maximum that could be recovered under the policy, and, from the judgment thereon, the appeal is prosecuted.

*John L. Crank,* for appellant.

*George G. Stockard,* for appellee.

KIRBY, J., (after stating the facts). The appellant contends that the testimony shows conclusively that the insured was over the insurable age of fifty-five years at the time of the application for and issuance of the policy and that the verdict is not supported by the evidence.

If the statements of the proof of death was the only evidence in the case, this contention would be correct, since the undisputed testimony would show such to be the fact; but there was other testimony, and the positive statement in the application made by the insured himself, according to the testimony of the beneficiary, who wrote it, giving the day and year of insured's birth, which showed him within the insurable age, and there was also other testimony tending to show that he was not beyond the insurable age, and the jury found in appellee's favor on the conflicting testimony.

In Joyce on Insurance it is said: "A presumption exists that the applicant has truly stated his age, in the absence of proof to the contrary, and the burden is upon assurer to disprove such statement, and such presumption is not overcome by the statements made in proofs of death furnished by one of the beneficiaries under the policy. This presumption will, however, be overcome by proper evidence; * *.* but a misstatement as to age is not established by insufficient evidence."

Mrs. Eskue, the appellee, stated that she signed the proof of death, which was not written by her and which she did not read, but that she made no such statement as written therein relative to insured's age, which she said she did not know and never had known. It is urged, in any event, that there was a settlement in full of all lia-

bility under the policy and a release executed to the company by the beneficiary, that it was a compromise settlement of a disputed claim, and binding.

It is true that an agreement of settlement for $45 was made, the money paid and the release executed, and that no fraud was perpetrated by the insurance company in its procurement, but the undisputed testimony also shows that this was done under the mistake of facts by both parties as to insured's being over the insurable age at the time of issuance of the policy, and the settlement would not have been made otherwise. It is stated in 5 Joyce on Insurance, § 3319: "As a general rule, the statements made in the proofs of loss or of death are not conclusive upon the claimant, where they are made in good faith and with no attempt at fraud, and mistakes therein may be corrected."

This court has allowed releases consummating settlements of claims for damages set aside and held no defense to an action for the injury, where the settlement was based upon mutual mistake of fact. *St. L. I. M. & S. R. Co. v. Hambright*, 87 Ark. 614, 113 S. W. 803; *St. L. I. M. & S. R. Co. v. Morgan*, 115 Ark. 529, 171 S. W. 1187.

The jury having found, under proper instructions, that the release was executed under a mutual mistake of fact, the settlement had no effect as a compromise settlement of a disputed claim, and did not bar appellee's right to recover, having no such effect as a compromise of a disputed claim.

We find no error in the record, and the judgment is affirmed.